### In re G. K. L. APARTMENT HOUSE CO., Inc.

### No. 16271.

District Court, W. D. New York.
Feb. 11, 1933.

Walter A. Swan,-of Rochester, N. Y., for petitioner Howe & Rogers Co.

George J. Skivington, of Rochester, N. Y., for trustee.

ADLER, District Judge.,

This is a proceeding brought by Howe & Rogers Company, one of the creditors of the bankrupt, to establish an equitable lien on moneys in the hands of the trustee in bankruptcy. These moneys constitute the entire estate in the hands of the trustee, and are the proceeds of the sale of furniture located in two apartment houses owned by the bankrupt about the time of the bankruptcy. The furniture in question was sold by the trustee in bankruptcy to the purchasers of the properties under foreclosure sales, and, at the time of the confirmation of the sale of this personal property, the order confirming the sale provided that, if the mortgagee in a trust mortgage, which will be hereafter described, would release the property from a lien which he claimed upon it under the terms of the mortgage, the lien, if any, should attach to the proceeds of the sale, and that the funds from such sale "be held subject to the further order of this Court pending its determination as to the validity, amount and extent of said claimed lien."

The questions before the court are: (1), whether an equitable lien in favor of the Howe & Rogers Company attached on the furniture; and (2) whether or not this mortgage made by the bankrupt, and to be hereafter described, covered this furniture from the sale of which the fund in the hands of the trustee was created.

The firm of Keenan & Keenan and certain associates, together with corporations organized by them for the purpose of carrying on real estate operations in the city of Rochester, found themselves in financial difficulties in 1928, and unable to pay accrued interest and taxes and necessary disbursements to carry on the apartment houses which they were operating. A meeting of their creditors was called and resulted in the signing of an agreement, which provided: "That whereas in the opinion of all of the parties to this agreement it is necessary and advisable that the various assets of all of said parties should be marshaled and conserved for the benefit of all creditors, stockholders and other interested parties." The agreement set forth the various persons to whom the Keenans and their associates and companies were indebted. It arranged for the transfer of all of the other properties to the G. K. L. Apartment House Company, Inc., which was one of the corporations involved and which was the owner of the Normandie Apartment House in which the greater part of the furniture in question was located. It provided for the appointment of a representative, one John Connors, to represent all of the creditors, to take title to all of the properties, and to carry on, operate, and, if deemed advisable, liquidate, any or all of them. The said John Connors was an officer of Howe & Rogers Company, one of the creditors holding a claim amounting to $28,563.81. This claim was for the furniture used in the apartment houses. Connors agreed to accept the trust and to advance $45,000 which it was necessary to have in order to carry on; and, as a consideration therefor, it was agreed by all of the parties that, in a collateral mortgage to be made by the G. K. L. Apartment House Company, Inc., a note to be given to Connors for $45,000 and a note to be given to Howe & Rogers for its claim of $28,563.81 were to be paramount to all other interests in said mortgage or all other interests secured thereby.

In pursuance of the agreement, all of the property of the Keenans and their associates and their companies was deeded to the G. K. L. Apartment House Company, Inc., and the G. K. L. Apartment House Company, Inc., then on October 17, 1928, executed the mortgage to Connors as provided for in the agreement. In that mortgage the agreement was made a part thereof in the following language: "Whereas an agreement was made and entered into between this corporation and various other persons, firms, co-partnerships and corporations under date of October 10, 1928, to which agreement reference is hereby made and which is made a part hereof by reference as fully as though the same were herein set forth at length."

The mortgage to Connors conveyed all of the properties to him and made the provisions for the priority of the Connors and Howe & Rogers notes as arranged for in the agreement. The mortgage itself does not anywhere in its language use the word "furniture" in describing the property conveyed under the mortgage, nor does it use the words "personal property" in its words of conveyance. It does provide for the transfer of apparatus, fittings, and fixtures in any of the buildings conveyed. It does provide that the trustee shall have power to release from the lien of the mortgage "any portion of the real

or personal property conveyed thereby for such consideration in cash, mortgage, or otherwise as he may elect."

■ No equitable lien in the furniture was created in favor of Howe & Rogers Company. There was no specific setting aside of the res. There was no agreement that would bring the case within the narrow limits of the decision in Hurley v. Atchison, Topeka & Santa Fé Railway, 213 U. S. 126, 29 S. Ct. 466, 53 L. Ed. 729. The furniture became a part of the bankrupt's assets and in such case an equitable lien will not be created. National City Bank of New York v. Hotchkiss, 231 U. S. 50, 34 S. Ct. 20, 58 L. Ed. 115; North Carolina Law Review, vol. VIII, No. 4, p. 388, Britton, "Equitable Liens."

■ There remains the question whether the mortgage conveyed to the mortgagee the personal property consisting of the furniture. The agreement was in terms incorporated in the mortgage, and must be read with it. My conclusion is that the mortgage covered the furniture, although it does not use the words "furniture" or "personal property."

The agreement which was entered into by practically all of the creditors clearly expressed the intent that all of the assets of the embarrassed individuals and corporations be marshaled and turned over to the trustee or representative for the purposes specified. There was no suggestion anywhere that any part of the assets should be excluded from the arrangement. Indeed it is unreasonable to conclude that Connors, an officer of Howe & Rogers Company, would accept the responsibility of attempting to get the bankrupt out of its difficulties, and to put up an additional $45,000, if the furniture sold by his company was not to be included in the arrangement. The apartment houses could not be run by him without the furniture, and the agreement to give the furniture creditor a preference over all other merchandise creditors convinces me that the agreement included the furniture in the language "all assets." I can spell out no theory on which the furniture was excluded.

I am not impressed by the argument of counsel for the trustee that, because the mortgage does not specifically mention the furniture, or more generally personal property, there was a definite intent that it was excluded, and that it was intended to exclude it for the reason that there was, according to the values at that time, sufficient real property to secure the creditors without including the personal property. There was no agreement among the parties except the agreement

they signed; and the counsel who drafted the mortgage was without authority to draw it other than in accordance with the agreement. That at the time he attempted to do so is evidenced by the fact that he incorporated the agreement in the mortgage. The agreement indicates clearly that all of the assets of the bankrupt in connection with these properties was to be turned over to the trustee.

My conclusion is that the mortgage does include the furniture. There is here no question of invoking the equitable powers of the court in order to reform the instrument for mistake or fraud or for any other reason. The two instruments read together express in their language the conveyance of all of the assets, which include the furniture. The intent of the parties found from the agreed facts and circumstances and the instruments themselves bear out this view.

■ The proceeds of the furniture therefore are to be disposed of according to the terms of the mortgage. A trustee in bankruptcy has no equities greater than those of the bankrupt. Hurley v. Atchison, Topeka & Santa Fé Railway, supra.

A decree may be entered accordingly.